# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRADLEY TURNER**
        **Petitioner,**

    v.                                      **Case No. 12-C-0698**

**R. WERLINGER**
        **Respondent.**

## ORDER

Petitioner Bradley Turner applies for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 192 month sentence for conspiracy to manufacture methamphetamine imposed by the district court for the Southern District of Iowa on July 24, 2006. Petitioner took no direct appeal; nor has he challenged the sentence under 28 U.S.C. § 2255.

In his § 2241 application, petitioner first argues that his sentence should be reduced under the Fair Sentencing Act ("FSA") of 2010 and Amendment 750 to the sentencing guidelines. To the extent that petitioner seeks a lower sentence based on a retroactively applicable amendment to the sentencing guidelines, he should file a motion under 18 U.S.C. § 3582(c)(2) with the sentencing court. See Smith v. Fondren, No. 09-CV-0764, 2009 WL 2171109, at *4 (D. Minn. July 20, 2009) (collecting cases). To the extent that petitioner suggests that the FSA lowered the statutory penalties associated with his offense, the record indicates that petitioner pleaded guilty to an offense involving methamphetamine, not crack cocaine (the subject of the FSA). Further, while the Supreme Court held in Dorsey v. United States, 132 S. Ct. 2321 (2012), that the FSA's new, more lenient penalties applied to offenders whose crimes preceded the effective date of the Act but who were sentenced after that date,

the Court did not indicate that the FSA applied to those, like petitioner, sentenced prior to its enactment. See Ford v. United States, No. 8:11-cv-2761, 2012 WL 2798532 (M.D. Fla. July 9, 2012). In any event, as discussed below, a challenge to petitioner's sentence is not properly brought under § 2241 in this district.

Petitioner also contends that his lawyer provided ineffective assistance of counsel in various respects; that he was sentenced under a mandatory guideline regime declared unconstitutional in United States v. Booker; and that the sentencing court erred in determining drug weight. These claims are not properly heard in this district under § 2241. Ordinarily, a federal prisoner collaterally attacking his sentence must do so under 28 U.S.C. § 2255 in the sentencing court. A prisoner may, under the so-called "savings clause," use § 2241 only when the remedy under § 2255 is inadequate or ineffective. See, e.g., Unthank v. Jett, 549 F.3d 534, 535 (7th Cir. 2008). Although petitioner references the savings clause, he offers no explanation as to why § 2255 would be inadequate or ineffective in his case.[1] In any event, a § 2241 action must be brought in the federal prisoner's district of confinement. See Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001). Petitioner is confined at FCI-Oxford, in the Western District of Wisconsin, and "courts regularly dismiss actions under § 2241 filed outside the judicial district that contains the place of the prisoner's detention." See al-Marri v. Rumsfeld, 360 F.3d 707, 710 (7th Cir. 2004).

**THEREFORE, IT IS ORDERED** that petitioner's application for a writ of habeas corpus

---

[1]Section 2255 is not inadequate or ineffective simply because the prisoner fails to properly litigate a § 2255 action. See Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007).

2

is **DISMISSED**.[2]

Dated at Milwaukee, Wisconsin, this 18th day of July 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[2] Since I am dismissing this application without converting it to a § 2255 motion or ruling on the merits, I need not provide warnings under Castro v. United States, 540 U.S. 375 (2003). Nor do I find that the interests of justice would be served by transferring the § 2241 application to the Western District of Wisconsin. See United States v. Prevatte, 300 F.3d 792, 799-800 (7th Cir. 2002). The record reveals no reason why petitioner could not have raised his claims in the sentencing court under 28 U.S.C. § 2255 and/or 18 U.S.C. § 3582(c)(2).