# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRADLEY TURNER**
        **Petitioner,**

    **v.**                                             **Case No. 12-C-0698**

**R. WERLINGER**
        **Respondent.**

## ORDER

Petitioner Bradley Turner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 192 month sentence for conspiracy to manufacture methamphetamine imposed by the district court for the Southern District of Iowa. I noted that petitioner's claims appeared better suited to a 28 U.S.C. § 2255 motion in the sentencing court, but ultimately dismissed the action because § 2241 petitions (even when brought by way of the so-called savings clause, which petitioner invoked) must be brought in the federal prisoner's district of confinement. See Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001). Petitioner is confined at FCI-Oxford, in the Western District of Wisconsin. See al-Marri v. Rumsfeld, 360 F.3d 707, 710 (7th Cir. 2004) (noting that "courts regularly dismiss actions under § 2241 filed outside the judicial district that contains the place of the prisoner's detention"). Because I dismissed the case without reaching the merits, no judgment was entered.

Petitioner now moves for reconsideration. Ordinarily, a motion to reconsider in a civil case may be brought pursuant to Fed. R. Civ. P. 59(e) or 60(b). The key factor in determining whether a motion is cognizable under 59(e) or 60(b) is the timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). A motion filed within 28 days of the entry of judgment is

considered under Rule 59, and one filed after such time is considered under Rule 60. See id. Petitioner's motion was filed within 28 days of the dismissal order and thus could be considered under Rule 59(e), which allows the court to revisit a decision if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1, at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."). A Rule 59(e) motion may not be used to re-litigate old issues or to present evidence or argument that could have been submitted previously. 11 Wright et al., supra, at 127-28. To the extent that I may have greater discretion to reconsider an order dismissing a case without prejudice, petitioner provides no basis for reconsideration, regardless of the standard.

Petitioner gets off on the wrong foot by asking me to reconsider the "denial of his motion." I did not deny the motion; I dismissed it with the possibility of re-filing in the correct district. He argues that this is a genuine proceeding under § 2241, filed against his custodian in the district of custody. That is incorrect. Petitioner is confined in the Western District of Wisconsin. Petitioner argues that his motion cannot be treated as a § 2255 motion, which can only be filed in Iowa. I specifically declined to re-characterize the application as a § 2255 motion. Petitioner indicates that district courts should respect a litigant's choice of statute to invoke and give the action the treatment appropriate under that law. I did so, advising petitioner that a § 2241 action brought pursuant to the savings clause should be filed in the

2

Western District of Wisconsin. Petitioner argues that an action challenging a conviction may be brought pursuant to § 2241 where the remedy provided by § 2255 is inadequate or ineffective. Again, such an action must be filed in the district of confinement. Petitioner argues that his sentence was invalidated by United States v. Booker, 543 U.S. 220 (2005), which made the guidelines advisory rather than mandatory. This goes to the merits, which I do not reach, although I do note that petitioner was sentenced after Booker came down. Petitioner concludes that persons who initiate independent litigation are entitled to have it resolved under the grant of authority they choose to invoke. But petitioner must, in order to have his claim heard, file it in the correct district.

The motion for reconsideration is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of August 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge